**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAMION ORLANDO OFFICER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1272-R** |
| | ) | |
| **UNITED STATES DISTRICT COURT, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Damion Orlando Officer, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the case to the undersigned

---

[1] Respondents entered an appearance on behalf of United States Attorney General Todd Blanche and Secretary of the Department of Homeland Security Markwayne Mullin. Doc. 7. Chris Gantt is Warden of the Cimarron Correctional Facility, where the Government is housing Petitioner.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 8, and Petitioner filed a reply, Doc. 9. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner is a citizen of Jamaica who entered the United States on June 9, 2024, on a B-2 visa, with authorization to remain until December 8, 2024. Doc. 8, Ex. 1. On February 5, 2026, officials with the Department of Homeland Security (DHS) arrested Petitioner for overstaying his visa and "placed [him] in immigration custody pursuant to 8 U.S.C. § 1226(a)(1)." Doc. 8, at 3. DHS issued Petitioner a Notice to Appear (NTA) alleging he was subject to removal under 8 U.S.C. § 1227(a)(1)(B) of the Immigration and Nationality Act (INA).[4] *Id.* (citing Ex. 1, at 1).

---

[4] An NTA acts as "a charging document" informing the noncitizen of "the specific charges against him and outlin[ing] their legal and factual basis." *Dragomirescu v. U.S. Att'y Gen.*, 44 F.4th 1351, 1354 (11th Cir. 2022) (citing 8 U.S.C. § 1229a).

On March 20, 2026, Petitioner filed an application for asylum. *Id.* On July 23, 2026, an Immigration Judge (IJ) ordered his removal; Petitioner has appealed that ruling and that appeal remains pending.[5]

## II. Petitioner's claims.

Petitioner argues that Respondents violated: (1) his Fifth Amendment procedural due process rights; (2) the INA when they mandatorily detained him under § 1225; (3) the INA and Administrative Procedure Act (APA) by failing to provide a bond hearing and for arresting him without a warrant; and (4) the APA. Doc. 1, at 7-8. He seeks his immediate release, or, alternatively, a bond hearing. *Id.* at 8.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are

[5] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sep. 3, 2026).

properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. 8 U.S.C. § 1226 governs Petitioner's detention and entitles him to a bond hearing.

Respondents state DHS placed Petitioner in immigration custody under 8 U.S.C. § 1226(a)(1). Doc. 8, at 3. They argue that, because Petitioner has not requested a custody redetermination hearing, an IJ has not denied him one and his claims are "not ripe for resolution." *Id.* at 4.[6] The undersigned disagrees.

Federal regulations permit a noncitizen detained under 8 U.S.C. § 1226(a), to request a bond hearing before an IJ at any time prior to the entry of a final order of removal. *See* 8 C.F.R. § 236.1(d)(1) ("After an initial custody determination . . . the respondent may, at any time before an order under 8

---

[6] Any request by Petitioner would have been futile. On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a precedent decision, binding on all immigration judges, holding that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The BIA determined that such individuals are subject to detention under 8 U.S.C. § 1225(b)(2)(A) and are therefore ineligible to be released on bond. *Id.*

CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released."); 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination). However, they are not required to request a bond hearing before pursuing § 2241 habeas corpus relief. *See, e.g.*, *Salvador F.-G. v. Noem*, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies.") (citing 8 U.S.C. § 1226). And while "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief" in general, neither the statutory language of § 1226 nor the habeas statute "expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). For these reasons, the Court should reject Respondents' argument.

The Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days, or else release Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no

objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).”).

### B. The Court should decline to address Petitioner’s remaining claims.

Given the undersigned’s recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner’s remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 (“Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner’s due process claim.”); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner’s remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner’s habeas corpus petition in part and order Respondents to provide him with an individualized bond hearing in front of a neutral IJ within ten days or otherwise release Petitioner**. The undersigned also recommends that the Court order Respondents to certify compliance with the Court’s order by filing a status report within ten business

days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 11, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

**ENTERED** this 4th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE